United States District Court
Southern District of Texas
**ENTERED**
February 23, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES CHRIS VICTORIAN, § | |
| TDCJ #00597535, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:21-1333 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

The petitioner James Chris Victorian filed this habeas action seeking relief from a disciplinary conviction at the Estelle Unit on November 9, 2020, in disciplinary case number 20210051228. The Court dismissed his petition because Victorian could not demonstrate a constitutional violation. Dkt. 2; Dkt. 3. Victorian then filed a motion to dismiss the order (Dkt. 4) and a "motion to demonstrate to make parole without false disciplinary report and ineffective counsel substitute" (Dkt. 5). The Court construes his filings as motions for reconsideration. The first is governed by Federal Rule of Civil Procedure 59(e) and the second by Federal Rule of Civil Procedure 60(b).[1]

Federal Rule of Civil Procedure 59(e) permits a litigant to file a motion to alter or amend a judgment. A motion for reconsideration "is not the proper vehicle for rehashing

---

[1] If a motion for reconsideration is filed "within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479. Similarly, Rule 60(b) is an uncommon means for relief, and final judgments should not be lightly reopened. *Lowry Dev., L.L.C. v. Groves & Associates Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012). A Rule 60(b) motion may not be used to raise arguments that could have been raised prior to judgment or to argue new legal theories. *Dial One of the Mid-S., Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005).

The Court's prior opinion determined, based on the petition and available public records, that Victorian is ineligible for release on mandatory supervision. The Court therefore concluded that Victorian could not demonstrate a constitutional violation in connection with his disciplinary conviction (Dkt. 2, at 3).

Victorian's first post-judgment motion argues that the Court is biased against him because it issued an opinion in his case before he had the opportunity to consent to a magistrate judge (Dkt. 4). His second post-judgment motion argues that his petition should not have been dismissed because he is eligible for release on parole and has been harmed by the disciplinary conviction. These arguments are not directly relevant to the Court's

holdings and do not demonstrate any basis for relief from the judgment under either Rule 59(e) or Rule 60(b).

Victorian's motions for reconsideration (Dkt. 4; Dkt. 5) are **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____February 23_____, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE